(No. 46495.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JAMES WILLIAMS, Appellant.

*Opinion filed January 21, 1975.*

James J. Doherty, Public Defender, of Chicago (Leonard V. Solomon, Assistant Public Defender, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel, Assistant Attorney General, of Chicago, and Patrick T. Driscoll, Jr., and Frank J. Parkerson, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE WARD delivered the opinion of the court:

James Williams, the defendant, and Gilbert Reese were indicted in the circuit court of Cook County for a burglary and robbery committed on August 25, 1971, in Cicero. In a second and separate indictment they were charged with a burglary and armed robbery, also committed in Cicero, but on August 24, 1971. Reese entered pleas of guilty to both indictments. Prior to the first indictment's coming to trial, the defendant moved to suppress a statement or statements of his which the prosecution would claim, the defendant said, constituted an adoption of or an assent to a confession given by Reese in which Reese implicated the defendant. This motion to suppress was sustained. The State did not appeal from the order of suppression but dismissed the indictment with leave to reinstate. In the case of the second indictment the defendant later made a motion to suppress the same statement or statements of his, but the motion was denied by the same judge who had granted the motion to suppress in the first indictment. In a bench trial on the second indictment the defendant was convicted of burglary and robbery. The appellate court affirmed (17 Ill. App. 3d 285), and we granted leave to appeal.

The defendant contends here that under the doctrine of collateral estoppel the State was barred from introducing his statement in the prosecution under the second indictment. He argues that the admissibility of his statement had been litigated in the first motion to suppress and that the question could not be relitigated.

At the hearing on the first motion to suppress, the defendant testified that the day after he was arrested a police officer took him to a room where Gilbert Reese was being questioned. A police captain and other officers were also in the room. One of the officers said to him that Reese had confessed to "everything" and had implicated the defendant. The defendant said the officer "started asking me questions—I just said 'yes' to everything." He said he answered "yes" when he was asked whether he was involved and stated that "yes" was the only thing he said to the officer. The defendant said Reese did not say anything when he was in the room.

Reese testified that he did not give his statement when the defendant was in the room, and he said he did not implicate the defendant in his confession. The record shows that the statement given by Reese was oral and was never reduced to writing.

Officer Steve Zalas of the Cicero police department testified that he had brought the defendant into the room where Reese had been questioned and had Reese repeat his statement in the defendant's presence. He testified that he then asked the defendant whether Reese's statement was true or not and the defendant said something to the effect that "just what he said is what happened."

At the conclusion of the hearing the court stated that the defendant's responses to Officer Zalas were "subject to many interpretations" and that it would not admit testimony as to what the defendant had said to the officer. When the prosecutor asked the court whether it was suppressing the statements given by the defendant the court said it was ordering it suppressed.

When the second indictment was called for trial, the defendant asked the judge to rule that his order of suppression in the case of the first indictment would extend to any effort by the prosecution to use the statements of the defendant. The judge instead ordered that another hearing be held on the question of whether the defendant's statements should be suppressed. At the hearing Officer Zalas's testimony was substantially the same as that given at the first hearing.

In addition, Captain Roland Brani and Officer Joseph Czechowski gave testimony at the second hearing, which in general conformed with the testimony of Officer Zalas. These witnesses had been in the interrogation room with Reese when the defendant had been brought in.

The court denied the second motion to suppress, stating that there had not been sufficient evidence of any physical misconduct by the police. (The defendant had testified at the first hearing that he had been mistreated. He did not testify at the hearing on the second motion to suppress.)

The doctrine of collateral estoppel, which bars relitigation of a decided question, applies to criminal as well as civil proceedings. (*People v. Grayson,* 58 Ill.2d 260; *People v. Armstrong,* 56 Ill.2d 159; *People v. Haran,* 27 Ill.2d 229, 232.) This was noted in *Ashe v. Swenson,* 397 U.S. 436, 25 L. Ed. 2d 469, 475, 90 S. Ct. 1189, where, in the course of describing the doctrine, the court said:

> " 'Collateral estoppel' is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. Although first developed in civil litigation, collateral estoppel has been an established rule of federal criminal law at least since this Court's

decision more than 50 years ago in *United States v. Oppenheimer,* 242 U.S. 85, [61 L. Ed. 161, 37 S. Ct. 68, 3 A.L.R. 516]."

The Supreme Court went on in *Ashe* to hold that the Federal rule of collateral estoppel is embodied within the guarantee of the fifth amendment against double jeopardy. As a consequence it was held that the defendant Ashe could not constitutionally be tried again for robbery by the State of Missouri after he had been acquitted of the robbery of one of the six victims in the robbery. The court said that the "single rationally conceivable issue" in the first trial had been whether the defendant had been one of the robbers. By its acquittal of the defendant the jury found that he had not been. The defendant therefore could not be later prosecuted for the robbery of a different victim of the crime.

This court noted in *People v. Haran,* 27 Ill.2d 229, 231, that the doctrine of collateral estoppel was "well defined" in *Hoffman v. Hoffman,* 330 Ill. 413. There it was said:

"Where some controlling fact or question material to the determination of both causes has been adjudicated in the former suit by a court of competent jurisdiction and the same fact or question is again at issue between the same parties, its adjudication in the first cause will, if properly presented, be conclusive of the same question in the later suit, irrespective of the question whether the cause of action is the same in both suits or not. This is sometimes denominated as an estoppel by verdict. (*Public Utilities Com. v. Smith,* 298 Ill. 151.) The rule in respect to the conclusiveness of the verdict and former trial between the same parties, when the judgment is used in pleading as a technical estoppel or is relied on by way of evidence as conclusive *per se,* is, that it must appear by the record of the

prior suit that the particular controversy sought to be construed was necessarily tried and determined,—that is, if the record of the former trial shows that the verdict could not have been rendered without deciding the particular matter it will be considered as having settled that matter as to all further actions between the parties; and further, in cases where the record does not show that the matter was necessarily and directly found by the jury, evidence *aliunde* consistent with the record may be received to prove the fact. But even where it appears from the intrinsic evidence that the matter was properly within the issue controverted in the present suit, if it be not shown that the verdict and judgment necessarily involved its consideration and determination it will not be concluded." 330 Ill. 413, 417.

We consider that under the doctrine of collateral estoppel the adjudication in the first hearing that the defendant's statements or responses to Officer Zalas were inadmissible barred the State from relitigating the question in the second hearing.

The court's order prohibiting the use of the defendant's statements was a final order. The prosecution chose not to appeal from it. The only issue presented in the first hearing was whether the defendant had assented to or adopted the oral confession of Reese which assertedly implicated the defendant in the crimes alleged in both indictments. The position of the State was that the responses of the defendant to Officer Zalas constituted an adoption of Reese's confession that he and the defendant had committed the crimes and therefore, the State said, the statements of the defendant were admissible against him. (*People v. Tunstall,* 17 Ill.2d 160, 166; McCormick, Handbook of the Law of Evidence, secs. 161, 269 (2d ed. 1972).) However, the court's conclusion in the first hearing was that the defendant's responses were equivocal

—"subject to many interpretations"—and the court held that the defendant's responses were not admissible to support the prosecution's claim that the defendant had adopted Reese's implication of him. That holding determined the question which was common to the prosecutions under both indictments, and the State was precluded from litigating the question a second time.

For the reasons given, the judgment of the appellate court is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*