335 So.2d 614 (1976)
STATE of Florida, Appellant,
v.
Robert KLING et al., Appellees.
No. 76-361.
District Court of Appeal of Florida, Second District.
July 30, 1976.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie King, Asst. Atty. Gen., Tampa, for appellant.
*615 Denis M. de Vlaming and Raymond O. Gross, Clearwater, for appellees.
GRIMES, Judge.
The appellees were charged with felony possession of drugs and drug paraphernalia. They filed a motion to dismiss in which they stated that they had been guests for "a day or two" in the house where the drugs were seized by the police pursuant to a search warrant. They asserted that the drugs and paraphernalia were not in their possession and that they had no knowledge of their presence in the house. They further stated that charges of misdemeanor possession of other drugs and paraphernalia seized by the police at the same time had been dismissed upon their motion by a county judge. Thus, they argued that they were entitled to have the circuit court charges dismissed upon the doctrine of collateral estoppel. While observing that had he been the county judge he would not have dismissed the misdemeanor charges, the circuit judge believed that he was bound by the principles of Ashe v. Swenson, 1970, 397 U.S. 436, 25 L.Ed.2d 469, 90 S.Ct. 1189, and dismissed the charges. The state appeals the order of dismissal entered by the circuit judge.
The dismissal must be reversed for two reasons.[1] First, in Ashe the Supreme Court announced that before collateral estoppel would become applicable, it was necessary to show that the same issue had already been adjudicated in favor of the defendant. Ashe was acquitted of robbing one of a group of several persons playing poker. He was later convicted of robbing one of the other players. The court observed the single rationally conceivable issue in dispute in the first trial was whether Ashe had been one of the robbers. The holding of the court was that once a jury had determined by its verdict that the defendant was not one of the robbers, the state could not constitutionally litigate that issue again before a new jury.
In the instant case, the motions filed both in the county court and in the circuit court simply stated that the drugs and paraphernalia were seized in the house in which they had been staying as guests. In a case of constructive possession, much would depend upon where the illegal items were found. Differing results might well obtain with respect to drugs found in a common area of the house and drugs found in a defendant's suitcase. See Spataro v. State, Fla.App.2d 1965, 179 So.2d 873. There was no showing in this record that the drugs and paraphernalia covered by the misdemeanor charges were located together with the drugs and paraphernalia upon which the felony charges were based. Thus, it cannot be said that the appellees carried the burden of proving that the county judge passed on the same issue that was before the circuit court. Busbee v. State, Fla.App.1st, 1966, 183 So.2d 27.
Second, and more fundamental, is the fact that even if all of the drugs and paraphernalia were in the same location when they were seized, the dismissal of the misdemeanor charges by the county judge does not bring into play the doctrine of collateral estoppel. In Ashe the majority opinion made it clear that collateral estoppel in a criminal case was a part of the Fifth Amendment guarantee against double jeopardy. The only reason that Ashe could not be prosecuted for the second robbery was that he had already been placed in jeopardy for the first. Hence, it is necessary to consider what constitutes jeopardy.
In Serfass v. United States, 1975, 420 U.S. 377, 43 L.Ed.2d 265, 95 S.Ct. 1055, the *616 district court had dismissed an indictment upon a procedure substantially similar to that which is contemplated by a motion to dismiss under RCrP 3.190. In the course of the government's appeal from the order of dismissal, it became necessary to determine whether the defendant had suffered jeopardy, because if he had, the government was not entitled to an appeal. The U.S. Supreme Court held that jeopardy had not attached when the judge granted the motion to dismiss the indictment because the defendant "had not been `put to trial before the trier of facts, whether the trier be a jury or a judge.'" The court further observed:
"... Without risk of a determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy."
The court rejected the defendant's contention that the disposition of his motion to dismiss predicated upon evidentiary facts outside of the indictment which would constitute a defense on the merits at trial was the functional equivalent of a trial on the merits. The court said that the word "acquittal" had no significance for purposes of the Double Jeopardy Clause "unless jeopardy has once attached and an accused has been subjected to the risk of conviction."
The court in United States v. Linetsky, 5th Cir.1976, 533 F.2d 192, recently interpreted Serfass with respect to a case in a posture somewhat similar to ours. A California district court had dismissed an indictment charging that the defendants had used the mails to send obscene advertisements and film on the premise that the materials in question were, as a matter of law, not obscene. The Ninth Circuit Court of Appeals had declined to issue a writ of mandamus directing that the judgment be vacated. Thereafter, the defendant was charged in Florida with violating the same statute by mailing the same materials into Florida. On an appeal from a conviction in the Florida district court, the court of appeals held the collateral estoppel doctrine of Ashe v. Swenson to be inapplicable because in obtaining the dismissal of the California indictment, the defendants had not run the risk of conviction by being put to trial before the trier of fact.
Our Supreme Court stated in State v. Grayson, Fla. 1956, 90 So.2d 710:
"... A person is placed in jeopardy when he is put upon trial under an indictment or information sufficient in form and substance to sustain a conviction before a court of competent jurisdiction and a jury has been impaneled and sworn and charged with his deliverance... ."
Since the appellees were never placed in jeopardy on the charges against them in county court, they are not entitled to rely upon the doctrine of collateral estoppel to uphold their claim of double jeopardy. The orders of dismissal are reversed, and the cases are remanded for further proceedings.
BOARDMAN, Acting C.J., and SCHEB, J., concur.
NOTES
[1] There is a third reason why the dismissal might have been improper, but the state has not argued it. The appellees' motions were verified but only by their attorneys. None of the facts set forth therein were within the personal knowledge of the attorneys. RCrP 3.190(c)(4) provides that the facts upon which a motion to dismiss is based shall be sworn to. Certainly, the rule contemplates an oath by a person having firsthand knowledge of the facts. Cf. State v. Love, 1940, 143 Fla. 883, 197 So. 534. However, the state did not dispute the facts at the hearing and has not contended on this appeal that the motions were insufficiently verified.