THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDMOND L. SMITH, Defendant-Appellant.

Third District   No. 76-262

Opinion filed December 31, 1976.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

William K. O'Connor, State's Attorney, of Cambridge, for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

After a bench trial in the Circuit Court of Henry County, the defendant was convicted of one count of rape and one count of indecent liberties with a child. Both counts of the indictment were based on a single act of sexual intercourse on the same complainant, on the same day and at precisely the same time. Nevertheless, the defendant was convicted of both offenses and sentenced for both.

In his appeal, the defendant raises two issues. First, did the trial court err in entering judgment on the lesser included offense? Secondly, was the sentence of not less than 50 years nor more than 150 years excessive for a conviction of rape?

■■ Where a defendant has been convicted and sentenced for two offenses involving exactly the same conduct and the same victim, the conviction for the lesser offense must be set aside. (*People v. Lilly* (1974), 56 Ill. 2d 493, 309 N.E.2d 1; *People v. Wilcoxen* (3d Dist. 1974), 23 Ill. App. 3d 377, 319 N.E.2d 86.) Therefore, the conviction of indecent liberties with a child is reversed.

■■ The defendant's sentence was imposed for the convictions of both rape and indecent liberties with a child. Since the severity of the sentence may have been motivated by the trial judge's belief that both convictions could stand, we must remand this case for resentencing on the conviction for rape, which is not challenged in this appeal. (See *People v. Butler* (5th Dist. 1975), 31 Ill. App. 3d 433, 334 N.E.2d 831.) Because of this result, we need not decide whether the sentence imposed was excessive for the conviction of rape alone.

Accordingly, we affirm the judgment of the Circuit Court of Henry County concerning the charge of rape. However, we reverse the judgment of indecent liberties with a child and remand for resentencing on the conviction of rape.

Affirmed in part, reversed in part and remanded.

ALLOY, P. J., and STOUDER, J., concur.