GLICKSTEIN, Judge.
The State appeals from an order suppressing physical evidence. Appellant argues the court erred in applying the doctrine of collateral estoppel. We affirm.
At 4:00 a. m. on January 6, 1978, Carla Sue McCord was detained by police officers while she and a male passenger were seated in a parked automobile in the vicinity of a Fort Lauderdale night club. McCord was arrested and charged with felony possession of a concealed firearm and narcotics. McCord was additionally charged with misdemeanor possession of narcotics and narcotic paraphernalia arising from the same incident and arrest. On July 10, 1978, the county judge entered an order suppressing the narcotics and narcotic paraphernalia covered by the misdemeanor charges, finding that the initial detention by the police officers was unlawful.
On the basis of those findings the circuit judge granted the defense’s motion to suppress physical evidence as to the felony charges. The circuit court held that it was bound by the findings of the county court based upon the doctrine of collateral estop-pel.
Appellant does not dispute the fact that the felony and misdemeanor charges arose from the same detention and arrest nor that the county court’s order of suppression was premised upon a finding that the initial detention by the police was unlawful. Appellant argues that collateral estoppel does not apply to the felony charges for two reasons: (1) the order of suppression involved only a question of law and, (2) collateral estoppel can be raised in a criminal case only if the defendant has been previously placed in jeopardy.
In deciding appellant’s first point, we start with the definition of “collateral estoppel” in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970):
“Collateral estoppel” is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when a issue of ultimate fact has once *1114 been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. Although first developed in civil litigation, collateral estoppel has been an established rule of federal criminal law at least since this Court’s decision more than 50 years ago in United States v. Oppenheimer, 242 U.S. 85, 37 S.Ct. 68, 61 L.Ed. 161. (Emphasis added).
Notwithstanding appellant’s contention that only a question of law was involved here,[1] it is our conclusion that a determination as to the validity of a detention which resulted in a subsequent search is a mixed question of law and fact. Diaz v. State, 181 So.2d 351, 353 (Fla.2d DCA 1965). A fact, question or right distinctly adjudged in the original action cannot be disputed in a subsequent action, even though the determination was reached upon an erroneous view or by an erroneous application of the law. United States v. Moser, 266 U.S. 236, 45 S.Ct. 66, 67, 69 L.Ed. 262 (1924). Accordingly, appellant’s first point is without merit.
The second point raised by appellant questions whether jeopardy must have attached in the initial determination as a condition precedent to the application of the doctrine. We conclude that jeopardy is not a prerequisite to application of the rule.
Although Ashe held that collateral estop-pel is a part of the fifth amendment’s guarantee against double jeopardy. Ashe does not preclude collateral estoppel from being applied as a matter of due process required by the fourteenth amendment when double jeopardy is not involved.
We conclude that “jeopardy” is not the key to the application of the rule but that “final judgment” is. In other words, there must have been a previous final determination of the issue which the accused seeks to use as the basis for application of the rule.
For purposes of issue preclusion, “final judgment” includes any prior adjudication of an issue in another action between the parties that is determined to be sufficiently firm to be accorded conclusive effect. Factors supporting a conclusion that a decision is final for this purpose are that the parties were fully heard, that the court supported its decision with a reasoned opinion, and that the decision was subject to appeal or was in fact reviewed on appeal. United States ex rel. DiGiangiemo v. Regan, 528 F.2d 1262, 1265 (2d Cir. 1975).
In this instance the defendant moved to suppress the evidence, whereupon the county judge determined that appellee’s detention was invalid. Although the adverse decision was appealable the State chose not to appeal. When appellee’s motion to dismiss the information for lack of evidence was also granted, the State had the opportunity to appeal and did not do so. Therefore, we conclude that the action taken in the county court constituted a “final judgment” within the definition of DiGiangiemo.
The rationale for permitting the accused in a criminal case to rely upon collateral estoppel[2] is recited in DiGiangiemo:
While it was unnecessary to determine in United States v. Oppenheimer, supra, whether application or collateral estoppel on behalf of a criminal defendant was constitutionally required, overly sensitive ears are not needed to detect due process *1115 overtones in Mr. Justice Holmes’ statement, 242 U.S. at 87, 37 S.Ct. at 69:
It cannot be that the safeguards of the person, so often and so rightly mentioned with solemn reverence, are less than those that protect from a liability in debt.
We do not suggest that collateral estop-pel is similarly mandated by due process in civil cases. But, as has been said, “[t]he weight of the harassment factor is considerably increased in the criminal law,” . . . because of the disparity usually prevailing in resources between the state and the defendant and the strain of a second prosecution even if not for the identical offense. . . .Id. at 1265-66.
Other jurisdictions have applied the rule in non-jeopardy cases. Laughlin v. United States, 344 F.2d 187 (D.C.Cir.1965), held that the government was collaterally es-topped from relitigating the issue of consent where that issue had been previously determined on a motion to dismiss in a prior criminal proceeding against the same defendant. The Supreme Court of Illinois in People v. Williams, 59 Ill.2d 557, 322 N.E.2d 461 (1975), applied collateral estoppel where there had been an adjudication prior to trial on defendant’s motion to suppress. The trial court had previously held that the defendant’s statements were inadmissible and the State subsequently sought to relitigate the issue in a pre-trial suppression hearing under a second indictment. The court specifically noted that the State had the right to appeal the first order and chose not to do so.[3] See also State v. Gonzalez, 75 N.J. 181, 380 A.2d 1128 (1977).
There are two Florida cases which require discussion. Suiero v. State, 248 So.2d 219 (Fla.4th DCA 1971), held that failure to raise the issue of collateral estoppel in the trial court constituted a waiver of that defense. By way of dictum, we said that even if the defense had been raised, it would have been rejected. The defendant argued for the first time on appeal from his criminal conviction that evidence should have been suppressed because the trial court in a prior criminal proceeding conducted in another county had suppressed the same evidence. To the extent that the dictum in Suiero conflicts with our present opinion, we recede therefrom.
In State v. Kling, 335 So.2d 614 (Fla.2d DCA 1976), the Second District reached the same conclusion argued by appellant. The court held that an accused must have been placed in jeopardy to be entitled to rely upon collateral estoppel. Our decision is in apparent conflict.[4] Nevertheless, for the reasons recited herein, we affirm the order of the trial court.
AFFIRMED.
DOWNEY and HURLEY, JJ., concur.
DOWNEY, J., concurs specially with opinion.

. There is authority for the proposition that the rule may be applied to adjudicated questions of law. United States v. Kramer, 289 F.2d 909, 913 (2d Cir. 1961), held: “Appellant’s alternative contention rests on that important principle of the law of judgments, unhappily dubbed ‘collateral estoppel,’ which ‘operates, following a final judgment, to establish conclusively a matter of fact or law for the purposes of a later law suit on a different cause of action between the parties to the original action.’ ” See also State v. Gonzalez, 75 N.J. 181, 380 A.2d 1128 (1977).

. In a civil proceeding, Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979), the Supreme Court said:
Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of reliti-gating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation.

. Cook v. State, 281 Md. 665, 381 A.2d 671, 676 (1978), did not apply the rule, distinguishing People v. Williams, 59 Ill.2d 557, 332 N.E.2d 461 (1975), on the basis of the State’s right to appeal from the suppression order.

. The facts in the two cases are distinguishable. In State v. Kling, 335 So.2d 614 (Fla.2d DCA 1976), there was no showing in the record that the drugs and paraphernalia covered by the misdemeanor charges were located with the drugs and paraphernalia upon which felony charges were based. The court said, however, that even if the drugs and paraphernalia were all in the same location, the absence of prior jeopardy still precluded application of the rule.