THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS WILSON, Defendant-Appellant.

Third District   Nos. 80-397, 78-325 cons.

Opinion filed January 30, 1981.—Rehearing denied March 25, 1981.

Robert Agostinelli and G. Joseph Weller, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

The defendant, Thomas Wilson, appeals from his three convictions in the Circuit Court of Peoria County. He was convicted of attempt (murder) (Ill. Rev. Stat. 1977, ch. 38, par. 8—4(a)) and aggravated battery (Ill. Rev. Stat. 1977, ch. 38, par. 12—4(a)) following a jury trial, and he pleaded guilty to intimidation (Ill. Rev. Stat. 1977, ch. 38, par. 12—6(a)(1)). After a joint sentencing hearing was conducted on all three convictions, the trial court sentenced the defendant to three concurrent prison terms of not less than 2½ and not more than 7½ years. The defendant appeals from those multiple convictions, alleging that he was improperly convicted of and concurrently sentenced for two offenses occurring from one act and claiming thus that we should vacate the aggravated battery conviction. He also urges this court to remand this cause for resentencing on both the attempt (murder) and the intimidation convictions if we vacate the aggravated battery conviction.

The relevant facts are as follows. The victim, Glenda Wilson, was conversing on the telephone at her sister's home on December 29, 1977, which was one week after her divorce from the defendant. The defendant entered the house while she was on the telephone and, according to Glenda, announced, "I told you that I came to kill you, and that's what I'm here to do." He then charged Glenda, threw her to the floor, reared back his hand, which contained an object, and struck her several times. The first blow injured Glenda's head and she lost consciousness. She regained consciousness while in an ambulance rushing her to a Peoria hospital. Glenda received treatment for a broken jaw, a tender abdomen, and massive facial swelling. She was also semi-comatose. She remained hospitalized for nearly three weeks. Then, on January 23, 1978, shortly after Glenda was released from the hospital, the defendant threatened her life over the telephone.

After the defendant was convicted by a jury of the attempt (murder) and aggravated battery charges, he entered a guilty plea on the intimidation charge, pursuant to plea negotiations. The result of the negotiations was that in exchange for the defendant's guilty plea, his sentence for intimidation would be the same length as for his other convictions.

■■ Since *People v. Schlenger* (1958), 13 Ill. 2d 63, our supreme court has consistently held that a defendant is prejudiced if judgment is entered against him for more than one offense arising from a single course of conduct.

The prosecution asserts, however, that each of the blows delivered by the defendant may serve as the basis for a separate offense of aggravated battery or attempt (murder). According to that argument, the defendant could have been convicted of and concurrently sentenced for numerous counts of aggravated battery and attempt (murder) judging from Glenda's injuries. Such suggestion is inane. Only a single defendant and a single victim were involved. The offenses at issue, aggravated battery and attempt (murder) arose from a series of blows to the victim which were not separated by any significant amount of time.

■■ We find that the multiple blows delivered by the defendant to Glenda constitute a single offense. Accordingly, we affirm his conviction for attempt (murder) and vacate his conviction for aggravated battery.

■■ The defendant further argues that this cause be remanded for resentencing if his aggravated battery conviction is vacated. We disagree. A case need not be remanded for resentencing where there is no indication that the sentencing court improperly considered the vacated conviction. *People v. Myers* (1980), 83 Ill. App. 3d 1073.

Our finding that the sentence is appropriate is further supported by the fact that the defendant, who elected to be sentenced according to the former sentencing act, was sentenced to a relatively short term in light of the new sentencing range for the offense of attempt (murder), which now carries a minimum term of 6 years. (Ill. Rev. Stat. 1978, ch. 38, pars. 8—4(c)(1) and 1005—8—1(3).) While the former sentencing act, as interpreted by case law, would have allowed a minimum sentence as low as one year, the permissible range was for that of a Class 1 offense. Thus, even under the old act, the sentence of 2½ to 7½ years was at the low end of permissible sentences. Finally, the defendant's intimidation sentence should remain unchanged since we have not disturbed the attempt (murder) conviction. The defendant has fully received the benefit of his plea bargaining agreement.

Accordingly, the defendant's conviction and sentence for aggravated battery is vacated. The attempt (murder) and intimidation convictions and the two concurrent sentences imposed thereon of not less than 2½ nor more than 7½ years are affirmed.

Affirmed in part; vacated in part.

ALLOY, P. J., and STOUDER, J., concur.