402 So.2d 1147 (1981)
STATE of Florida, Petitioner,
v.
Carla Sue McCORD, Respondent.
No. 59671.
Supreme Court of Florida.
June 11, 1981.
Rehearing Denied September 24, 1981.
*1148 Jim Smith, Atty. Gen., and Ondina Felipe, Asst. Atty. Gen., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for respondent.
ALDERMAN, Justice.
We accepted jurisdiction to resolve the conflict between State v. McCord, 385 So.2d 1112 (Fla. 4th DCA 1980), and State v. Kling, 335 So.2d 614 (Fla. 2d DCA 1976). At issue is the applicability against the State of the collateral estoppel doctrine to pretrial orders in criminal cases. The Fourth District in the present case said that jeopardy is not the key to application of the doctrine and held that collateral estoppel applies against the State to pretrial orders which are "determined to be sufficiently firm to be accorded conclusive effect." 385 So.2d at 1114. The Second District in Kling held that collateral estoppel applies against the State only after a defendant is put in jeopardy in the first proceeding. We agree with the Second District and hold that collateral estoppel against the State, as a part of the fifth amendment protection against double jeopardy, is applicable to pretrial orders only if jeopardy attaches in the first proceeding. The opinion of the Fourth District in State v. McCord is quashed.
McCord was arrested and charged with felony possession of a concealed weapon and narcotics and misdemeanor possession of narcotics and narcotic paraphernalia. All charges arose from the same detention and search. Finding the initial detention of McCord unlawful, the county court suppressed the evidence on the misdemeanor charges. Believing the collateral estoppel doctrine to be applicable, the circuit court suppressed the evidence on the felony charges.
Resolution of this case turns on the interpretation and application of Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), where the United States Supreme Court said: "[W]hen an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." 397 U.S. at 443, 90 S.Ct. at 1194. McCord contends that collateral estoppel bars the State from relitigating her motion to suppress evidence after it suffered an adverse ruling on this motion in the county court even though she was never placed in jeopardy in the county court. She argues that the "valid and final judgment" required before application of the collateral estoppel doctrine is only an adjudication of an issue in another action between the parties *1149 that is determined to be sufficiently firm to be accorded conclusive effect.[1]
We reject McCord's contentions. As is pointed out by Judge Grimes in Kling: "In Ashe the majority opinion made it clear that collateral estoppel in a criminal case was a part of the Fifth Amendment guarantee against double jeopardy. The only reason that Ashe could not be prosecuted for the second robbery was that he had already been placed in jeopardy for the first." 335 So.2d at 615. In Kling, the Second District correctly held that since the defendants in that case were never placed in jeopardy on the charges against them in county court, they were not entitled to rely upon the doctrine of collateral estoppel.
The collateral estoppel doctrine does not apply to this case. The motion to suppress was granted in the county court on a pretrial order and the misdemeanor charges against McCord were dismissed. Consequently, having never been put in jeopardy of a determination of guilt in the county court, the collateral estoppel doctrine does not preclude the circuit court from considering the motion to suppress.
Accordingly, the decision of the district court is quashed, and this case is remanded for further proceedings.
It is so ordered.
SUNDBERG, C.J., and BOYD and OVERTON, JJ., concur.
ADKINS, J., dissents with an opinion, with which ENGLAND and McDONALD, JJ., concur.
ADKINS, Justice, dissenting.
I dissent.
I agree with the district court of appeal that jeopardy is not prerequisite to application of the rule of collateral estoppel. Collateral estoppel has the dual purpose of protecting litigants from the burden of relitigating the item at issue with the same party and of promoting judicial economy by preventing needless litigation. Parklane Hosiery Co. Inc. v. Shore, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979).
The order of the judge of county court suppressing the evidence was a final adjudication as to its admissibility. As was said in Ashe v. Swenson, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970), "when an issue of ultimate fact has once been determined upon a valid and final judgment, that issue cannot again be litigated by the same parties in any future lawsuit."
In the present case, the county court case was dismissed by the trial court upon defendant's motion based on the insufficiency of the evidence absent the suppressed contraband. An order suppressing evidence is among those specifically appealable by the state. Fla.R.App.P. 9.140(c)(1)(B). The order of dismissal was also appealed by the state. Fla.R.App.P. 9.140(c)(1)(A).
The right to appeal is not conclusive but is accorded great weight in the assessment of what judgments are "final". The parties were fully heard, the court supported its decision with a reasoned opinion, and the decision was subject to appeal. Therefore, the order of suppression and subsequent order dismissing the county court case were "final judgments" on the issues within the meaning of Ashe v. Swenson.
Under the reasoning of the majority opinion, in the event of adverse ruling on a motion to suppress, a nolle prosequi could be entered and the charges refiled before another judge. The state would then be *1150 allowed a second chance to litigate the suppression issue without the defendant having any remedy.
I would approve the decision of the district court of appeal.
NOTES
[1] McCord's counsel conceded at oral argument that this result is not required by Ashe:

Court: So what you're asking us to do goes beyond Ashe v. Swenson.
Counsel: It goes beyond Ashe v. Swenson, that's correct. I think the particular issue that we're addressing here has not in fact been addressed by the United States Supreme Court yet.
Court: What federal  what U.S. Supreme Court decision requires this Court to adopt your view?
Counsel: There is no specific decision from the United States Supreme Court on this point.
Court: Then we would have to strike out on our own and go beyond what the U.S. Supreme Court requires to reach your result.
Counsel: That's correct.