THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ELVIS HINES, Defendant-Appellant.

First District (3rd Division)    No. 79-2485

Opinion filed March 24, 1982.

Cyriac D. Kappil, of Chicago (Richard E. Steck, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Richard F. Burke, and Frank Castiglione, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RIZZI delivered the opinion of the court:

In a jury trial, defendant, Elvis Hines, was found guilty of deviate sexual assault and indecent liberties with a child and was sentenced to concurrent terms of 30 to 50 years. Defendant argues that (1) the State failed to prove the force or threat of force required to establish deviate

sexual assault, and (2) the trial court erred in entering judgment and sentencing him for two offenses based on a single act. We affirm the judgment of conviction for deviate sexual assault and vacate the judgment of conviction for indecent liberties with a child.

On June 6, 1977, at approximately 8:15 a.m., the victim, a 10-year-old boy, was walking to school in Chicago, Illinois. He noticed a parked car with an open door. Defendant, who was seated in the car, told the victim he was a policeman and instructed him to get in the car.

When the victim entered the car, he noticed handcuffs on the gearshift. Defendant said that he had heard that the victim was breaking windows and knocking over tombstones. Defendant then told the victim that he was taking him to the police station. The victim insisted that he had not done anything and started crying.

After driving a short distance, defendant stopped the car at a cemetery and told the victim to get out of the car. Defendant said that he was going to show the victim the tombstones he had knocked down. Pursuant to defendant's directions, the victim walked into the cemetery. When inside the cemetery, defendant grabbed the victim and put his left arm on the victim's left hip. As they were walking, defendant broke a three-foot twig off a tree.

When they arrived at a tombstone, defendant told the victim to pull down his pants. After the victim complied with defendant's demand, defendant told him to lay down. Defendant applied vaseline to the victim's anus and engaged in anal intercourse with the victim. After 10 to 15 minutes, defendant twisted the twig around the victim's neck and hit him on the arms, legs and chest. The victim pretended he was dead, and defendant walked away. Later, the victim walked to his grandmother's house and reported the incident.

Defendant was arrested on November 2, 1977. On that date, defendant told a police officer that a few months earlier he had picked up a 10-year-old boy and had anal sex with him. Later that day, he indicated to an assistant State's Attorney that this incident took place in a cemetery and that he used branches. Defendant was identified in a lineup by the victim.

At trial, defendant presented an alibi defense, introducing testimony that he was in West Virginia on the date of the occurrence. The jury found defendant guilty of deviate sexual assault and indecent liberties with a child, and the court entered judgment on both verdicts.

Defendant first contends that the State failed to prove the force or threat of force required to establish deviate sexual assault. He asserts that the State showed nothing more than an abuse of the victim's immaturity, which is insufficient in itself to support such a conviction.

■■ To prove a charge of deviate sexual assault, there must be evidence that defendant, by force or threat of force, compelled another to perform

or submit to any act of deviate sexual conduct. (Ill. Rev. Stat. 1975, ch. 38, par. 11—3; *People v. Cornes* (1980), 80 Ill. App. 3d 166, 172, 399 N.E.2d 1346, 1350.) Therefore, force or threat of force is a material element of the offense. The nature of the force or threat of force necessary for proof of deviate sexual assault is the same as that required for rape. (*People v. Cukojevic* (1981), 103 Ill. App. 3d 711, 716; *People v. Sweeney* (1977), 46 Ill. App. 3d 858, 865, 361 N.E.2d 344, 349.) In rape cases, there is no fixed standard for determining the amount of force required, and each case must be considered on its own facts. (*People v. Cukojevic* (1981), 103 Ill. App. 3d 711, 716-17; *People v. Walsh* (1980), 80 Ill. App. 3d 754, 764, 400 N.E.2d 587, 594.) In weighing the evidence of force, it is proper to consider the disparity in size and strength of the parties and the place and conditions under which the incident took place. (*People v. Walsh* (1980), 80 Ill. App. 3d 754, 764, 400 N.E.2d 587, 594-95.) Useless or foolhardy acts of resistance are not necessary. *People v. Walsh* (1980), 80 Ill. App. 3d 754, 764, 400 N.E.2d 587, 594; *People v. Jones* (1976), 40 Ill. App. 3d 850, 856, 353 N.E.2d 375, 382; see *People v. Green* (1976), 38 Ill. App. 3d 289, 292, 347 N.E.2d 224, 227.

■■ In the present case, we believe that there is sufficient evidence to establish force or threat of force. Contrary to defendant's assertion, the differences in size and age of defendant and the victim were not the only factors present. Here, the victim was a young boy who was led to the scene of the incident based on defendant's representation that he was a policeman. Defendant grabbed the victim when they entered the cemetery. As they were walking, defendant broke off a three-foot twig and carried it to the scene of the incident. The victim followed defendant's directions, and they arrived at a tombstone where the act of anal intercourse occurred. Under the circumstances, we believe that the requisite force or threat of force was present, especially in view of defendant's overall conduct coupled with his open possession of a three-foot twig in the presence of a 10-year-old boy. The fact that defendant later choked the victim with the twig manifests the reality of the threat posed by defendant's possession of the twig. Furthermore, in this remote setting, any attempt by the victim to resist would have been both futile and foolhardy. We conclude that the State proved force or threat of force, and therefore, defendant's conviction for deviate sexual assault was proper.

■■ Defendant next contends that the trial court erred in entering judgment and sentencing him for both deviate sexual assault and indecent liberties with a child because both convictions arose from a single act. We agree. Where two counts of an information are founded on a single act, there can only be one conviction. (*People v. Lilly* (1974), 56 Ill. 2d 493, 495, 309 N.E.2d 1, 2; see *People v. Sherman* (1980), 87 Ill. App. 3d 937,

941, 409 N.E.2d 486, 490; *People v. Slavin* (1978), 66 Ill. App. 3d 525, 532, 383 N.E.2d 1303, 1309.) Here, both counts of the information specified that they were based on the single act of anal intercourse. (See *People v. Smith* (1976), 44 Ill. App. 3d 663, 664, 358 N.E.2d 736, 736.) The State argues that two separate acts were proved by the evidence, *i.e.*, anal intercourse and the placing of the vaseline in the victim's anus. The State relies on *People v. Schultz* (1979), 73 Ill. App. 3d 379, 387, 392 N.E.2d 322, 328, where the court upheld two convictions for indecent liberties arising out of the same incident. However, in *Schultz*, one count charging indecent liberties was designated as being based on "oral copulation," while the other count charging indecent liberties was designated as being based on "finger in vagina." In the present case, both counts were designated as being based on the single act of "anal intercourse," and therefore, both convictions cannot stand. (*People v. Smith* (1976), 44 Ill. App. 3d 663, 664, 358 N.E.2d 736; *People v. Smith* (1980), 86 Ill. App. 3d 302, 305-06, 408 N.E.2d 101, 104; see also *People v. Austin* (1981), 93 Ill. App. 3d 495, 497, 417 N.E.2d 671, 673.) Accordingly, we vacate the conviction for indecent liberties with a child.

■■ Defendant further argues that if his conviction for indecent liberties is vacated, then the case should be remanded for resentencing on the deviate sexual assault conviction. However, where there is no indication that a vacated conviction was considered in sentencing defendant for a second conviction, it is not necessary to remand the case for resentencing. (*People v. Wilson* (1981), 93 Ill. App. 3d 395, 397, 417 N.E.2d 146, 147.) Here, the trial court sentenced defendant separately on each conviction, and there is no indication in the record that the trial court considered the indecent liberties conviction when imposing sentence on the deviate sexual assault conviction. Therefore, we do not find it necessary to remand for resentencing on the deviate sexual assault conviction. See *People v. Wilson*, (1981), 93 Ill. App. 3d 395, 397, 417 N.E.2d 146, 147; *People v. Malaszenko* (1979), 76 Ill. App. 3d 1, 8, 393 N.E.2d 1350, 1355; *People v. Kosanovich* (1979), 69 Ill. App. 3d 748, 750, 387 N.E.2d 1061, 1063.

Accordingly, the judgment of conviction for deviate sexual assault is affirmed, and the judgment of conviction for indecent liberties with a child is vacated.

Affirmed in part, vacated in part.

WHITE, P. J., and McNAMARA, J., concur.