THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HAROLD FOSDICK, Defendant-Appellant.

First District (4th Division)   No. 86—0346

Opinion filed February 11, 1988.

Blair I. Braverman, of Oak Lawn, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Rimas F. Cernius, and Colleen H. Hyland, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LINN delivered the opinion of the court:

After a bench trial in the circuit court of Cook County, the trial court entered a verdict of guilty but mentally ill against defendant, Harold Fosdick, for the following crimes against his daughter: rape (Ill. Rev. Stat. 1983, ch. 38, par. 11—1), indecent liberties with a child (Ill. Rev. Stat. 1983, ch. 38, par. 11—4(a)(1)), aggravated incest (Ill. Rev. Stat. 1983, ch. 38, par. 11—10(a)(1)), sexual abuse of a child by a family member (Ill. Rev. Stat. 1983, ch. 38, par. 11—11.1(a)(2)), and child pornography (Ill. Rev. Stat. 1983, ch. 38, par. 11—20.1(a)(1)(i)).

Defendant was convicted also of the following crimes against his son: deviate sexual assault (Ill. Rev. Stat. 1983, ch. 38, par. 11—3), indecent liberties with a child, aggravated incest, and sexual abuse of a child by a family member. The trial court sentenced defendant to concurrent prison terms ranging from 5 to 25 years for all of his convictions.

On appeal, defendant contends that (1) the trial court should have dismissed the indictments because a previous prosecution adjudicated a factual issue in his favor that was necessary for a conviction in the instant case, (2) the State failed to prove the element of force or threat of force required for a conviction, (3) he was criminally insane at the time of the offenses, and (4) the trial court erred in sentencing him on multiple convictions arising from a single act.

We affirm in part and vacate in part.

BACKGROUND

## A

On February 20, 1984, defendant was charged by criminal complaint in the circuit court of McHenry County with substantially the same offenses as in the instant case, in addition to aggravated battery against his son. These offenses occurred in McHenry, Illinois, on December 31, 1983, January 1, 1984, and January 22, 1984. On June 8, 1984, the trial court found that defendant was unfit to stand trial. (Ill. Rev. Stat. 1983, ch. 38, par. 104—23(b).) On August 23, 1984, the trial court held a discharge hearing (Ill. Rev. Stat. 1983, ch. 38, par. 104—25), in which defense counsel and the prosecutor stipulated as to the various depraved acts of intercourse and oral and anal sodomy that defendant committed against his daughter and son. Defense counsel and the prosecutor stipulated also as to psychiatric testimony concluding that defendant was criminally insane for the years 1983 and 1984.

At the close of the hearing, the trial court found defendant not guilty by reason of insanity. (Ill. Rev. Stat. 1983, ch. 38, par. 104—25(c).) The trial court thereafter ordered defendant to the Department of Mental Health and Developmental Disabilities as an inpatient. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—2—4(a).) The record further shows that defendant was admitted to a mental health facility on September 5, 1984.

## B

In the instant case, a Cook County grand jury indicted defendant on February 23, 1984. The offenses of which defendant was accused occurred on December 2, 1983, February 6, 1984, and February 7, 1984. The Cook County circuit court found defendant fit to stand trial, which began on October 29, 1985. The State's case was essentially that on the dates listed in the indictments, defendant committed various depraved acts of intercourse and oral and anal sodomy against his daughter and son. The indictments accused defendant also of photographing his daughter and another having intercourse. Witnesses for the State were defendant's ex-wife, both victims, an acquaintance of defendant's, and two youth officers of the Chicago police department.

Defendant's case was essentially that he was criminally insane for all of the years 1983 and 1984, including the three dates listed in the indictments. Defense witnesses were the two psychiatrists who testified at defendant's discharge hearing in McHenry County. Each psy-

chiatrist reaffirmed his conclusion that defendant was criminally insane during the dates listed in the indictments. In rebuttal, the State presented two psychiatrists who testified that defendant was criminally sane on the dates listed in the indictments.

On November 18, 1985, the trial court entered a verdict of guilty but mentally ill on all of the offenses charged in the indictments. (Ill. Rev. Stat. 1983, ch. 38, pars. 6—2(c), 115—3(c).) At the close of the sentencing hearing on January 23, 1986, the trial court handed down a concurrent sentence on each conviction. For the offenses against his daughter, the trial court sentenced defendant to the penitentiary for 25 years for rape, 15 years for indecent liberties with a child, seven years for aggravated incest, five years for sexual abuse of a child by a family member, and 15 years for child pornography.

For the offenses against his son, the trial court sentenced defendant to 25 years for deviate sexual assault, 15 years for indecent liberties with a child, seven years for aggravated incest, and five years for sexual abuse of a child by a family member. Defendant was thereafter discharged from the Department of Mental Health and transferred to the Department of Corrections. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—2—6.) Defendant timely appeals.

Opinion

I

■■ Defendant first contends that the trial court should have dismissed the indictments against him. He argues that the McHenry County discharge hearing adjudicated the issue of his sanity in his favor; further, this fact was necessary for a conviction in the instant case. Thus, defendant argues that since he was adjudged to be insane, the State is now collaterally estopped from prosecuting him.

Section 3—4(b)(2) of the Criminal Code of 1961 provides in pertinent part:

> "(b) A prosecution is barred if the defendant was formerly prosecuted for a different offense, or for the same offense based upon different facts, if such former prosecution:
> ***
> (2) Was terminated by a final order or judgment, even if entered before trial, which required a determination inconsistent with any fact necessary to a conviction in the subsequent prosecution." Ill. Rev. Stat. 1983, ch. 38, par. 3—4(b)(2).

Section 3—4(b)(2) of the Criminal Code embodies the common law

doctrine of collateral estoppel, which is included in the double jeopardy prohibition of the fifth amendment to the United States Constitution. (*People v. Shlensky* (1983), 118 Ill. App. 3d 243, 246-47, 454 N.E.2d 1103, 1105-06.) The doctrine provides that when a valid and final judgment determines an issue of ultimate fact, the same parties cannot again relitigate the issue in any future lawsuit. *People v. Williams* (1975), 59 Ill. 2d 557, 560, 322 N.E.2d 461, 462-63, quoting *Ashe v. Swenson* (1970), 397 U.S. 436, 443, 25 L. Ed. 2d 469, 475, 90 S. Ct. 1189, 1194.

The doctrine of collateral estoppel requires that the issue of ultimate fact be controlling or material to both lawsuits; it matters not whether the lawsuits contain the same cause of action. Further, the record of the prior lawsuit must show that the fact finder determined the issue, *i.e.*, the fact finder must have decided the issue to render a verdict. Collateral estoppel will not bar the litigation of an issue in a second action if the record of the prior lawsuit does not show that the fact finder determined the issue. *Williams*, 59 Ill. 2d at 561-62, 322 N.E.2d at 463, quoting *Hoffman v. Hoffman* (1928), 330 Ill. 413, 417, 161 N.E. 723, 725-26.

■ It is difficult to apply the doctrine of collateral estoppel in criminal cases where it is unclear what facts the prior verdict did adjudicate. A verdict of acquittal gives no information on what the fact finder based its decision. (*People v. Borchers* (1977), 67 Ill. 2d 578, 583-84, 367 N.E.2d 955, 958.) Where the prior lawsuit ended in an acquittal, a court must examine the record and determine whether a rational fact finder could have based its verdict on an issue other than that which the defendant seeks to bar from consideration in the second trial. The court examines the whole record, including the charge, pleadings, evidence, and other relevant matters. 67 Ill. 2d at 584, 367 N.E.2d at 958, quoting *Ashe v. Swenson* (1970), 397 U.S. 436, 444, 25 L. Ed. 2d 469, 475-76, 90 S. Ct. 1189, 1194.

■ Defendant claims that section 3—4(b)(2) of the Criminal Code (Ill. Rev. Stat. 1983, ch. 38, par. 3—4(b)(2)) barred his Cook County prosecution because a former prosecution ended in a final judgment that he was legally insane for the years 1983 and 1984. Further, this determination was inconsistent with a fact necessary for a conviction in the Cook County prosecution. Invoking the collateral estoppel doctrine, he argues that the McHenry County discharge hearing determined that he was legally insane for the years 1983 and 1984. Since the indictments charged him with offenses committed in those years, defendant argues that the State could not relitigate the issue of his sanity in the Cook County prosecution.

We disagree. Defendant misperceives what facts the McHenry County discharge hearing actually adjudicated. The discharge hearing determined only that defendant was legally insane on the dates contained in the criminal complaint: December 31, 1983, January 1, 1984, and January 22, 1984. Psychiatric testimony at the discharge hearing concluded that defendant was criminally insane for the years 1983 and 1984. This conclusion, however, was not that of the fact finder, but rather only evidence.

The issue of defendant's sanity for all of 1983 and 1984 was not and could not have been adjudicated at the discharge hearing, as a matter of law. Our legislature has explicitly defined insanity and mental illness as conditions afflicting a defendant only at the time of the offense. (Ill. Rev. Stat. 1983, ch. 38, pars. 6—2(a), (d).) Further, we have held repeatedly that only insanity existing at the very time of the crime, not before or after, can serve as an excuse. Evidence of prior mental disease is not probative of a defendant's mental state at the time of the offense. *People v. Littlejohn* (1986), 144 Ill. App. 3d 813, 826, 494 N.E.2d 677, 686.

After examining the whole record of the discharge hearing, including the charge, evidence and the narrow legal issue of insanity, we conclude that the discharge hearing determined no issues of fact that were raised in the Cook County prosecution. The fact finder in the McHenry County prosecution could have adjudicated the issue of defendant's sanity only for the dates of December 31, 1983, January 1, 1984, and January 22, 1984. Likewise, the fact finder in the Cook County prosecution could have adjudicated the issue of defendant's sanity only for the dates of December 2, 1983, February 6, 1984, and February 7, 1984.

We conclude that the doctrine of collateral estoppel did not apply to the issue of defendant's sanity. Thus, section 3—4(b)(2) did not bar defendant's Cook County prosecution. Consequently, we hold that the trial court did not err in not dismissing the indictments.

## II

■ Defendant next contends that the trial adduced insufficient evidence to prove either force or threat of force with respect to raping his daughter and committing a deviate sexual assault against his son. For a conviction under the old rape statute to stand, the State must prove beyond a reasonable doubt that the intercourse was by force and against the will of the victim. (Ill. Rev. Stat. 1983, ch. 38, par. 11—1(a).) Under the old deviate sexual assault statute, the State must prove beyond a reasonable doubt that defendant, by force or

threat of force, compelled another to perform or submit to any act of deviate sexual conduct. Ill. Rev. Stat. 1983, ch. 38, par. 11—3(a).

To sustain a conviction for either rape or deviate sexual assault, the testimony of a single witness, if positive and credible, is sufficient to support a conviction, even though the accused contradicts the testimony of the witness. Further, where a conviction for either offense is based on the testimony of the complainant, the testimony must be clear and convincing or otherwise corroborated by other evidence. (*People v. Cornes* (1980), 80 Ill. App. 3d 166, 172, 399 N.E.2d 1346, 1350.) Also, the nature of the force or threat of force necessary for proof of deviate sexual assault is the same as that required for rape. *People v. Hines* (1982), 105 Ill. App. 3d 35, 37, 433 N.E.2d 1137, 1139.

Defendant contends that the trial adduced insufficient evidence of force or threat of force. He points to the uncontradicted testimony of the victims. His son testified that on February 6, 1984, defendant discovered he and his sister having intercourse. As "punishment," while he was still lying on his sister, defendant anally sodomized him.

Defendant's daughter also testified that the next day, February 7, 1984, defendant summoned her to their garage. Defendant locked the door immediately after she entered the garage. Defendant accused her of lying about some matter and that, consequently, he would punish her. Defendant then gave his daughter the choice between getting beaten and having sex. Before she could say anything, defendant decided that they would have sex and told her to "get ready." From past experience, the victim knew what defendant expected of her. She proceeded automatically to gather a mattress, sheets, *etc.*, and a jar of vaseline. She prepared herself for her "punishment," which defendant inflicted. Defendant argues that he did not force the victims to perform and submit to these acts of illicit intercourse and sodomy. These acts were "rather a common, repetitive, and accepted practice in [the] family's sexually aberrant environment."

We reject defendant's argument. The only constants in cases of this type are the statutorily prescribed elements of the offense and the quantum of proof necessary to support a conviction. The facts that might establish these elements beyond a reasonable doubt will vary with the ages of the victim and defendant, and the circumstances of the offense. For example, the failure of a victim to cry out may be important in one case but insignificant in another. Also, a child might offer less resistance to an attack than an adult. We must examine the totality of the facts in each case. (*People v. Thompson* (1978), 57 Ill. App. 3d 134, 141, 372 N.E.2d 1052, 1058, quoting *Peo-*

*ple v. Pointer* (1972), 6 Ill. App. 3d 113, 118, 285 N.E.2d 171, 175.) Additionally, the determination of the issue of force or consent is within the province of the trier of fact. A reviewing court will not disturb the trial court's judgment in this regard unless the evidence, on the whole, is so unsatisfactory or insufficient as to raise a reasonable doubt of defendant's guilt. *Thompson,* 57 Ill. App. 3d at 141, 372 N.E.2d at 1058; *Pointer,* 6 Ill. App. 3d at 118, 285 N.E.2d at 175.

■ We find abundant proof of force in this record. On the dates of the crimes, the girl was 12 years old and the boy was 14 years old. Defendant was 40 years old, 6 feet tall, and weighed approximately 195 pounds. Further, defendant was the victims' sole guardian and disciplinarian, and a main figure of authority. Defendant was their father. We cannot expect these children to have the will of an adult in resisting against their own father. We additionally reject any suggestion that defendant's daughter consented to these acts. (*People v. Riley* (1967), 84 Ill. App. 2d 296, 300, 228 N.E.2d 190, 192.) We hold that the trial adduced more than sufficient evidence to prove the element of force with respect to both the rape and the deviate sexual assault.

### III

■ Defendant next claims the evidence established that he was criminally insane at the time of the offense. Thus, defendant contends that the trial court erred in finding him guilty but mentally ill.

The issue of insanity is an affirmative defense. Since the law presumes that all persons are sane, defendant bears the burden of raising the defense. Thereafter, the State previously bore the burden of proving beyond a reasonable doubt that defendant was sane at the time of the crime. As of January 1, 1984, however, defendant now bears the additional burden of proving the defense by a preponderance of the evidence. *People v. Moore* (1986), 147 Ill. App. 3d 881, 884-85, 498 N.E.2d 701, 703-04.

We cannot apply the new burden of proof to the trial of a crime committed prior to the law's amendment. (*People v. Skorka* (1986), 147 Ill. App. 3d 976, 980, 498 N.E.2d 607, 610.) Since the indictment accused defendant of committing child pornography on December 2, 1983, the State carried the burden of proving beyond a reasonable doubt that he was sane at the time of the crime. Likewise, defendant carried the burden of proving by a preponderance of the evidence that he was insane at the time of the February 6, 1984, and February 7, 1984, offenses.

The State need not produce expert testimony as to the defend-

ant's sanity at the time of the offense, but may rely on facts in evidence and the inferences that the fact finder may draw therefrom. The fact finder may reject expert testimony that the defendant was insane at the time of the offense and conclude that defendant was sane based solely on lay testimony. *People v. Marshall* (1983), 114 Ill. App. 3d 217, 226, 448 N.E.2d 969, 975.

If the record contains conflicting expert testimony on the issue of insanity, the fact finder may accept one expert's opinion over another. (*Skorka*, 147 Ill. App. 3d at 981, 498 N.E.2d at 611.) Further, the weight to be accorded an expert's opinion as to a defendant's sanity is greatly dependent on the factual details that the expert provides to support his or her opinion. Finally, whether a defendant was insane when he or she committed an offense is a question for the trier of fact, whose finding will not be disturbed on review unless it is so improbable or unsatisfactory that it raises a reasonable doubt as to a defendant's sanity. *Marshall*, 114 Ill. App. 3d at 226, 448 N.E.2d at 975.

■ After carefully reviewing the record, we conclude that the State proved beyond a reasonable doubt that defendant was sane when he committed the offense of child pornography on December 2, 1983. We additionally conclude that defendant failed to prove it more likely than not that he was insane when he committed the offenses on February 6, 1984, and February 7, 1984. Defendant presented two psychiatrists who testified that, at the time of the offenses, he could not conform his conduct to the requirements of the law. The State presented two psychiatrists who testified that, at the time of the offenses, defendant could both appreciate the criminality of his conduct and conform his conduct to the requirements of the law. It was within the province of the trial court to believe one set of psychiatrists and not another set.

Defendant additionally presented much evidence on his past mental illnesses. The evidence also shows, however, that defendant committed the offenses in such a manner as to avoid detection. Thus, while the record contains evidence of a mental disease or defect, the record also contains evidence that defendant was able to appreciate the criminality of his conduct and to conform his conduct to the requirements of the law. The trial court already weighed this evidence; we will not weigh it again. We hold that the evidence was not so improbable or unsatisfactory that it raises a reasonable doubt as to defendant's sanity.

## IV

■ Defendant lastly contends that the trial court erred in sentencing him on multiple convictions arising from a single act. Based on the single act of anal sodomy on February 6, 1984, defendant was indicted for deviate sexual assault, indecent liberties with a child, aggravated incest, and sexual abuse of a child by a family member. Based on the single act of illicit intercourse on February 7, 1984, defendant was indicted for rape, indecent liberties with a child, aggravated incest and sexual abuse of a child by a family member. The trial court convicted defendant of each offense and imposed separate concurrent prison sentences on each conviction.

The State agrees with defendant that the imposition of these separate sentences was error. Where two counts of a charging instrument are based on a single act, there can be only one conviction. (*People v. Lilly* (1974), 56 Ill. 2d 493, 495, 309 N.E.2d 1, 2; *People v. Hines* (1982), 105 Ill. App. 3d 35, 37-38, 433 N.E.2d 1137, 1140.) Applying this principle to the instant case, we conclude that only the deviate sexual assault conviction can stand, based on the single act of anal sodomy. Likewise, we conclude that only the rape conviction can stand, based on the single act of illicit intercourse.

Therefore, we vacate defendant's convictions of indecent liberties with a child, aggravated incest, and sexual abuse of a child by a family member, based on the anal sodomy. We likewise vacate defendant's convictions of the same offenses based on the single act of illicit intercourse. (107 Ill. 2d R. 615(b).) Defendant's convictions of rape and deviate sexual assault and concurrent sentence for each of 25 years, and his conviction of child pornography and concurrent sentence of 15 years, remain.

We further note that we need not remand the cause for resentencing. The trial court sentenced defendant separately on each conviction and the record does not otherwise show that the trial court considered the vacated convictions in imposing sentence on the rape and deviate sexual assault convictions. *People v. Hines* (1982), 105 Ill. App. 3d 35, 38, 433 N.E.2d 1137, 1140.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed in part and vacated in part.

Affirmed in part and vacated in part.

McMORROW and JOHNSON, JJ., concur.