### UNITED STATES v. LUCAS et al.
### Grand Jury No. 1560.

United States District Court
District of Columbia.

Oct. 13, 1952.

Charles M. Irelan, U. S. Atty., and John Conliff, Jr., Asst. U. S. Atty., Washington, D. C., for the United States.

George B. Parks, of Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This is a motion to stay grand jury proceedings involving the moving party, until a preliminary hearing is held before a committing magistrate. It appears that when the moving party was first brought before a committing magistrate, the preliminary hearing was continued and, in the meantime, the matter is to be presented to the grand jury.

The grand jury has a right to hear any matter whatsoever involving the possibility of commission of a crime. It is not limited to considering only those cases in which the defendant has been bound over for the action of the grand jury, by a committing magistrate.

The purpose of preliminary hearings provided for by Rule 5 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., is to protect the defendant against an improvident and unjust incarceration while he is awaiting the action of the grand jury. The only purpose of a preliminary hearing, as its history fully discloses, is to determine whether there is a basis for holding the defendant either in jail or on bail until the grand jury can look into the matter and dispose of it. A defendant obviously is not

prejudiced by action taken by the grand jury prior to the time when the defendant would like to have action taken.

This view of the purpose of a preliminary hearing is fully supported by an opinion of Judge Parker, speaking for the Circuit Court of Appeals for the Fourth Circuit, in the case of Barber v. United States, 142 F.2d 805, 807. There Judge Parker said:

"The only purpose of a preliminary hearing is to determine whether there is sufficient evidence against an accused to warrant his being held for action by a grand jury; and, after a bill of indictment has been found, there is no occasion for such hearing."

█ Obviously there is no reason why the grand jury should not act before a preliminary hearing is had, or before it is completed if one has been commenced.

I had occasion to review this matter in United States v. Gray, D.C., 87 F.Supp. 436, 437, where I stated that the grand jury is not limited to considering cases of only those persons who have been bound over to the grand jury by a committing magistrate.

█ I see no reason for interfering with the orderly procedure in this case and for staying presentation of the case before the grand jury. Even if power to do so exists, it should be used very sparingly, bearing in mind the plenary historical authority of the grand jury.

Motion for a stay is denied.