Isaac RANDOLPH, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 2405.

Municipal Court of Appeals for the
District of Columbia.

Argued Aug. 24, 1959.

Decided Dec. 15, 1959.

Benjamin F. Amos, Washington, D. C.,
for appellant.

Richard W. Barton, Asst. Corp. Counsel,
Washington, D. C., with whom Chester H.
Gray, Corp. Counsel, Milton D. Korman,
Principal Asst. Corp. Counsel, and Hubert

B. Pair, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

ROVER, Chief Judge.

Appellant was convicted of failing to give full time and attention to the operation of his motor vehicle in violation of Part I, Article XIV, section 99(c), Traffic and Motor Vehicle Regulations of the District of Columbia.

In order to understand his contentions on appeal it is necessary to set forth the factual background: On August 31, 1958, appellant, while driving a motor vehicle, struck and injured a pedestrian, one Leroy Stoddard; on September 2, he was charged by the Corporation Counsel with failing to give full time and attention to the operation of his vehicle in violation of the above-mentioned traffic regulation. On September 6, Stoddard died as a result of injuries sustained in the accident. On September 9, the United States Attorney charged appellant with Negligent Homicide (Code 1951, § 40–606) in that he operated the automobile " * * * at an immoderate rate of speed and in such a careless, and reckless and negligent manner as to cause, and did cause, the death of one Leroy Stoddard."

On November 20, appellant was acquitted of the charge of Negligent Homicide and on December 11, counsel for appellant filed a Motion to Dismiss the traffic charge; the principal grounds of the Motion being that because of his acquittal of the homicide charge, the principles of double jeopardy and res judicata precluded prosecution on the traffic charge. Following the denial of his Motion, he was tried and convicted of the traffic offense. This appeal followed.

■ We first discuss the double jeopardy question. The Fifth Amendment of the Constitution provides " * * * nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb * * *." While there are many decisions describing the elements of former jeopardy, the rule is succinctly and clearly stated in our case of Davenport v. District of Columbia, D.C.Mun.App., 61 A.2d 486 at page 490:

" * * * The case in which a defendant may successfully plead former jeopardy must be *identical in law and in fact* with a former case in which he was put in jeopardy. This rule is variously stated as: that the first indictment sufficiently described the second offense so that defendant could have been convicted of the second upon the trial of the first; or that the evidence required to prove the two offenses was the same. However, this rule is not interpreted to mean that only one offense and charge can arise from a single set of facts. The law is replete with instances wherein two or more offenses against the statutes or common law of the same sovereign may result from a single factual transaction." (Emphasis supplied.)

■ While both offenses grew out of the same accident, it does not follow at all that they are the same, either in law or in fact. The essentials of the two offenses are strikingly different. Negligent Homicide by motor vehicle, an offense against the United States, consists of the death of a human being as a result of the operation of such vehicle " * * * at an immoderate rate of speed or in a careless, reckless, or negligent manner * * *." The traffic regulation involved makes it an offense against the District of Columbia for an operator of a motor vehicle to fail to "give his full time and attention to the operation of" such vehicle. It is obvious that the Information charging Negligent Homicide does not describe the traffic offense so that appellant could have been convicted of that offense at the Negligent Homicide trial. Nor is the evidence required to prove the two offenses the same.

688

At the first trial it was necessary to prove the death of Leroy Stoddard; at the second trial it was not necessary to prove his death or even that he was injured. At the first trial the Government was required to prove that appellant operated the automobile either at an immoderate rate of speed or in a careless, reckless or negligent manner; at the second trial the District was only required to prove that appellant failed to give full time and attention to the operation of the vehicle.

It is entirely possible that a driver may be going at a very moderate rate of speed and still be guilty of failing to give full time and attention to his driving. We have no way of telling from the record what the testimony of the witnesses was at the homicide trial, nor do we know what the theory of the Government was. It could have proceeded on the theory that appellant was driving at an excessive rate of speed or merely that he was driving negligently without reference to speed. The record does not disclose that evidence was introduced concerning appellant's failure to give full time and attention to his driving. We are accordingly obliged to reject the contention of double jeopardy, because the two offenses are not the same in law and fact.

The doctrine of res judicata may be succinctly explained by stating that a question of fact or law determined by a court of competent jurisdiction may not afterwards be disputed between the same parties or their privies. Here, as we have seen, the two cases were not factually the same; there is no showing that the question of "full time and attention" was decided or even involved in the homicide trial. Nor are the parties the same. The United States and the District of Columbia are not the same party nor in privity with each other. The District of Columbia is a municipal corporation "and may contract and be contracted with, sue and be sued, plead and be impleaded, have a seal, and exercise all other powers of a municipal corporation * * *." (Code 1951, § 1–102).[1] The United States, of course, is a sovereign power and entirely separate and distinct from the District of Columbia, a municipal corporation. We hold that the doctrine of res judicata does not apply.

The last contention of appellant is that the "full time and attention" offense is a lesser degree of Negligent Homicide; that accordingly appellant could have been convicted of that offense at the Negligent Homicide trial and that consequently when he was acquitted of Negligent Homicide it necessarily followed that he was also acquitted of the "full time and attention" offense. As we have seen, not only are the elements of the two offenses different, but they are against different sovereigns. How could a court or jury sitting in the United States Branch of the Municipal Court acquit or convict a person of an offense against the District of Columbia? Appellant's only basis for this contention seems to be set forth in his Motion to Dismiss where he states:

"* * * The Court at that time [negligent homicide trial] also instructed the jury on the lesser crime of Failure to Give Full Time and Attention of which he is presently charged in this action."

The short answer to this is that there is no support in the record for this statement. Counsel cannot supplement the record by an allegation in his pleading or his brief.

Affirmed.

1. See Metropolitan R. Co. v. District of Columbia, 132 U.S. 1, 10 S.Ct. 19, 33 L.Ed. 231.