THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MARK WIEDMAN, Defendant-Appellee.

First District (2nd Division)   No. 87—2341

Opinion filed March 16, 1988.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Lynda A. Peters, and Carol L. Gaines, Assistant State's Attorneys, of counsel), for the People.

Paul P. Biebel, Jr., Public Defender, of Chicago (Andrea Monsees, Assistant Public Defender, of counsel), for appellee.

JUSTICE STAMOS delivered the opinion of the court:

The State appeals, pursuant to Supreme Court Rule 604(a)(1) (107 Ill. 2d R. 604(a)(1)), from an order of the circuit court of Cook County entered on the motion of defendant, Mark Wiedman, to quash his arrest and suppress evidence against him. We affirm.

The order was based on the court's finding that the subject matter of the motion had already been litigated in the circuit court of Du Page County, which had sustained a similar motion filed by defendant during proceedings involving another charge against him.

The issue is whether the circuit court of Cook County clearly erred when it found, in effect, that the circuit court of Du Page County had finally decided a common and controlling question of ultimate fact material to determining defendant's instant motion.

### FACTS

On July 16, 1986, defendant was arrested in Du Page County after being discovered sitting in his parked automobile on the side of a street in the postmidnight hours of the morning. During the arrest, cannabis and a set of scales were found in the automobile's glove compartment, and a portable television set, clothing, and a jewelry box or boxes in a partly opened bag were found on the rear seat and the floor of the vehicle.

On July 31, 1986, defendant was charged by information in the circuit court of Cook County with home invasion, residential burglary, aggravated battery, and robbery, which allegedly occurred on or about July 15, 1986, in violation of sections 12—11(a)(2), 19—3(a), 12—4(b)(10), and 18—1(a), respectively, of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, pars. 12—11(a)(2), 19—3(a), 12—4(b)(10), 18—1(a)). On June 25, 1987, a hearing was held by the trial judge, the Honorable John K. Madden, on defendant's motion to quash his arrest and suppress evidence.[1]

At the June 25 Cook County hearing, the parties stipulated as to hearings that had occurred on February 17, March 10, and March 16, 1987, before a trial judge of the circuit court of Du Page County, the Honorable Maryellen T. Provenzale, on defendant's motion in that court to quash his arrest and suppress evidence on a charge related to possession of cannabis.

According to the arresting deputy sheriff's testimony at one of the

---

[1]At the same time, the trial judge also heard defendant's motions to dismiss the information and to suppress identification testimony. The former, based on a theory of *res judicata* and collateral estoppel resembling that argued as to the motion involved in the present appeal, was denied because "it doesn't fall within the parameters of the motion to dismiss." The latter was sustained on the ground that the testimony flowed from the same arrest that was the subject of the motion involved in the present appeal and that the testimony as "fruits of the poisonous tree is being suppressed also." Apparently, neither party appeals with regard to either of these other motions. See text accompanying footnotes 3 and 4.

Du Page County hearings, he had first asked defendant whether he would mind if the deputy "took a look in his vehicle," and defendant had answered, "No, go right ahead. Everything in here is mine. There is nothing stolen." The deputy testified that he could see the television set through the vehicle's window, although he subsequently obtained the set's serial number by entering the vehicle and examining the set. The deputy also testified that through the vehicle's window he saw the cloth bag and the jewelry box and "bumps from boxes" that it contained, though he subsequently had to enter the vehicle to reach into the bag. The deputy testified that he then entered the vehicle and asked defendant to open his glove compartment and that defendant did so, whereupon the deputy found the cannabis and scales. Against the deputy sheriff's testimony of consent, defendant testified that the deputy did not ask him for permission to enter the glove compartment and that defendant never gave the deputy consent to enter or search the automobile.

Judge Provenzale had sustained defendant's motion to suppress evidence in the Du Page County proceedings, entering a written order finding that "there was no probable cause for the search of Defendant's motor vehicle and no consent for the search." Judge Provenzale later had sought to clarify her order.[2] By way of clarification, Judge Provenzale had sought to limit her order to the cannabis charge and to evidence that had been seized pertinent thereto during defendant's arrest. At the Cook County hearing, Judge Madden reviewed the Du Page County transcripts and Judge Provenzale's written orders, from which the State had not appealed.

Defendant now sought to prevent introduction of the other items seized from his automobile as evidence in the Cook County proceedings and to quash his arrest as to those proceedings. Defense counsel argued that Judge Provenzale had held the search and arrest to be unlawful, that the State had thereby acquired evidence intended for use in the Cook County proceedings, and that on *res judicata* or collateral-estoppel principles the State should be barred from using the evidence in the Cook County proceedings. The State asked leave of the Cook County court "to reopen the motion" and, according to the transcript, argued as follows:

> "The only thing that was before the Court in Du Page County was a misdemeanor marijuana was found in the glove box, when

---

[2]Uncertified copies of written orders entered by Judge Provenzale in the earlier proceedings have been furnished as Appendix C of defendant's brief. The gist of her oral clarifications is embodied in her written order of March 10, 1987.

the Court rules on the motion to quash the arrest and suppress the evidence, it only was ruling on the marijuana, was not making adjudication as to the consent or anything else in the back seat because that was not before the Court, therefore, she made her first ruling on the 17th. The State went back and for clarification on the clarification order, she stated she was only talking about the marijuana, nothing else, therefore she had made no ruling as to probable cause or consent as to the items in the back seat of the car."

According to the transcript, the following exchange between Judge Madden and the Cook County prosecutor then occurred:

"THE COURT: Your argument is the Court was correct in this ruling in Du Page County, that marijuana that was recovered from the glove compartment should have been suppressed because maybe there was no consent by the Defendant given.

MR. KLAPMAN: To go into the glove box, yes.

THE COURT: To go into the glove compartment, that was the limit of that particular ruling and there was consent by the Defendant according to the officer's testimony to look at the other items in the back of the car.

MR. KLAPMAN: Yes, that would be our offer of proof and proof of calling the officer for that purpose because we don't think that has been litigated yet."

Judge Madden then stated on the basis of the Du Page County transcripts that "[p]rior to looking at the items in the back seat, [the deputy sheriff] went into the glove compartment, found marijuana, subsequent to finding the marijuana and placing the man under arrest, he then inventoried the items in the back seat taking serial numbers of certain physical items that were recovered out of the back seat and those physical items, serial numbers eventually led to a charging her [sic] in Cook County because those particular items in the back seat were proceeds of a home invasion." The Cook County prosecutor replied, "That's correct," and then noted that a photograph of defendant taken after the arrest had also led to charging him in the Cook County proceedings. A bit later in the hearing, this exchange between prosecutor and defense counsel occurred with regard to Judge Madden's acknowledgement of Judge Provenzale's March 10 order clarifying that her February 17 suppression order "went to the search of the glove compartment *** and the evidence obtained from said search":

"MR. KLAPMAN [assistant State's Attorney]: Yes, so we are saying based upon that, we have the motion to suppress should be heard as to the items in the back seat.

MR. SINGER [assistant public defender]: Just for the record, our contention is there was a determination there was no probable cause, no consent, that is binding on the State as to all matters arising out of that.

MR. KLAPMAN: Even though there was no jurisdiction over the matter because it was not before the Court in Du Page County, that is what we are saying."

According to the transcript, the following exchange between Judge Madden and the prosecutor then took place:

"THE COURT: The Court is of the opinion the matter has been litigated in Du Page County, there was finding of no probable cause and no consent that all items that were recovered and inventory in regard to the prosecution here in Cook County, were in fact all the inventorying taking down serial numbers occurred after an illegal seizure which marijuana which caused an arrest to occur, therefore the motion has been in fact litigated. I will not allow the State to reopen at this point.

MR. KLAPMAN: The Court is saying you do not believe that, you do believe there has been litigation as to question of consent on items in the back seat.

THE COURT: That's correct."

A few moments later, Judge Madden also sustained defendant's motion to suppress identification testimony based on photographs of defendant taken after his arrest.

## OPINION

On July 7, 1987, the State filed its notice of appeal from the Cook County trial court's order of June 25. On the same date, the State also filed its certification that "the order suppressing evidence" substantially impairs the State's ability to prosecute. The notice of appeal did not describe the order in question except by date; in the "Nature of the Case" section of its brief, the State identifies it as the order sustaining defendant's motion to quash his arrest and suppress evidence, although in the "Statement of Facts" section of its brief, the State purports to appeal from the trial court's disposition of that motion as well as the motion to suppress identification testimony. The State's argument on appeal deals exclusively with the motion to quash defendant's arrest and suppress evidence, even though it concludes variously by urging this court to remand the cause in order to allow the State "to present evidence in opposition to defendant's pre-trial motions to suppress evidence and identification" and by requesting that the court

"vacate the trial court's order."[3]

■ In any event, it is unnecessary for us to consider whether the State also appeals from Judge Madden's order suppressing identification testimony. Judge Madden sustained the identification motion on "fruit of the poisonous tree" grounds rather than those advanced in the motion itself;[4] the State failed to appeal from and conceded the propriety of Judge Provenzale's order and the presumed dismissal of the charges insofar as the Du Page County cannabis arrest was concerned; and the photographs were undoubtedly made as a result of the cannabis arrest that concededly followed an unlawful glove-compartment search. Even if the State has also appealed from the order suppressing identification testimony, the order's predicate (the unlawfulness of the glove-compartment search that led to the cannabis arrest and photographs) is unchallenged by the State, and any such appeal thus must fail in accordance with *Davis v. Mississippi* (1969), 394 U.S. 721, 22 L. Ed. 2d 676, 89 S. Ct. 1394, *Wong Sun v. United States* (1963), 371 U.S. 471, 9 L. Ed. 2d 441, 83 S. Ct. 407, *People v. Albea* (1954), 2 Ill. 2d 317, 118 N.E.2d 277, and *People v. Bean* (1970), 121 Ill. App. 2d 332, 257 N.E.2d 562. (See also *People v. Bowen* (1987), 164 Ill. App. 3d 164, 177-78, 517 N.E.2d 608, 617, *appeal denied* (1988), 119 Ill. 2d 561.) In addition, failure to argue any such appeal will constitute its abandonment. (*People v. Spears* (1986), 112 Ill. 2d 396, 493 N.E.2d 1030; 107 Ill. 2d R. 341(e)(7).) Therefore, we consider this appeal as touching only defendant's motion to quash his arrest and suppress evidence.

The Cook County trial court felt that the subject matter of the motion to quash defendant's arrest and suppress evidence had been fully litigated in Du Page County and that, accordingly, the State was not permitted to relitigate it. If indeed the subject matter was fully litigated previously, the Cook County court was correct.

■ The doctrine of collateral estoppel, which bars relitigation of a decided question, applies to criminal as well as civil proceedings. (*People v. Williams* (1975), 59 Ill. 2d 557, 560, 322 N.E.2d 461, 462.) The

---

[3]Moreover, it is not perfectly clear from the record and Du Page County transcript that the order entered by either Judge Provenzale or Judge Madden actually quashed defendant's arrest in addition to suppressing the evidence, and both parties' briefs are inconclusive as to their understanding of this latter point.

[4]The written motion to suppress identification testimony was based on grounds that the exhibition of photographs to certain of the witnesses was improper because a properly conducted in-person lineup would have been possible, the photographic display was improperly suggestive, and a witness's emotional and physical condition impaired his ability to identify the offender.

principle means that " 'when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.' " (*Williams*, 59 Ill. 2d at 560, 322 N.E.2d at 462-63, quoting *Ashe v. Swenson* (1970), 397 U.S. 436, 443, 25 L. Ed. 2d 469, 475, 90 S. Ct. 1189, 1194.) Stated otherwise, "[w]here some controlling fact or question material to the determination of both causes has been adjudicated in the former suit by a court of competent jurisdiction and the same fact or question is again at issue between the same parties, its adjudication in the first cause will, if properly presented, be conclusive of the same question in the later suit." *Hoffman v. Hoffman* (1928), 330 Ill. 413, 417, 161 N.E. 723, 725, quoted in *People v. Haran* (1963), 27 Ill. 2d 229, 231, 188 N.E.2d 707, 709.

The Du Page County suppression order, entered in the State's prosecution of defendant there, had not been appealed by the State, and it thus was final at the time of the Cook County hearing. (*Williams*, 59 Ill. 2d at 562, 322 N.E.2d at 463; *People v. Busija* (1986), 155 Ill. App. 3d 741, 745, 509 N.E.2d 168, 171.) A defendant may not repeatedly relitigate a pretrial motion to suppress. (*People v. Miller* (1984), 124 Ill. App. 3d 620, 623, 464 N.E.2d 1197, 1199.) Neither may the State. (*People v. Taylor* (1971), 50 Ill. 2d 136, 140, 277 N.E.2d 878, 881; *People v. Nelson* (1981), 97 Ill. App. 3d 964, 968, 423 N.E.2d 1147, 1150.) In the absence of additional evidence or exceptional circumstances, collateral estoppel bars the relitigation of an order sustaining or denying a pretrial motion to suppress evidence. *People v. Strauser* (1986), 146 Ill. App. 3d 128, 132, 496 N.E.2d 1131, 1133; *People v. Neziroski* (1981), 102 Ill. App. 3d 720, 723, 430 N.E.2d 265, 267; *Nelson*, 97 Ill. App. 3d at 967, 423 N.E.2d at 1150.

■ In the absence of a mistake in law, the Du Page County judge, having heard the testimony of witnesses *ab initio*, and having observed their demeanor while testifying, was in the best position to determine wherein the truth lay, rather than the subsequent Cook County court simply reading from a cold transcript. (*Nelson*, 97 Ill. App. 3d at 968, 423 N.E.2d at 1151.) While it is true that the State offered to present its witness again in Cook County on the suppression motion, there was no representation that the witness would testify differently from his Du Page County testimony, and thus the Du Page County order retained all of any collateral-estoppel vitality that it had. (See *People v. Armstrong* (1973), 56 Ill. 2d 159, 161, 306 N.E.2d 14, 15.) Presentation of the same testimony in a Cook County hearing would appear to be as "repetitious" as the court regarded a similar prosecution proposal to be in *Bowen* (*Bowen*, 164 Ill. App. 3d at 171, 517 N.E.2d at 613). More-

over, the salutary effect of excluding witnesses during the Du Page County suppression hearing would be vitiated if the witnesses were now permitted to reappear in Cook County and testify in the light of their Du Page County courtroom experiences.

■ The question remains, however, whether the Du Page County proceeding litigated fully the question of the legality of the automobile search. The State argues that the Du Page County order was limited to the glove-compartment search and to the seizure of cannabis found there and that the question whether defendant consented to the search of the rest of the vehicle remained undecided. Indeed, the Du Page County judge provided in her clarification order of March 10, 1987, that her suppression order "went to" the glove-compartment search and cannabis only.[5] However, defendant argues that "[t]he material issue determinative of suppression in both cases is whether Mark Wiedman was legally arrested and whether the evidence the State sought to introduce was the tainted fruit of that arrest. *** [T]he legality of this seizure[ ] and arrest was the controlling and d[i]spositive question in both cases."

Defendant points out that the State conceded in Cook County that the glove-compartment search and resulting arrest were unlawful. As for the State's contention that consent by defendant had validated the search of the rest of the automobile and that the testimony offered in Cook County would so show, the Cook County court reviewed the Du

---

[5]Under section 114—12(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 114—12(b)), if the Du Page County order had suppressed all the physical evidence seized from the automobile, the evidence could not thereafter have been used in the Cook County proceedings. Moreover, had the Du Page County court chosen to enter an order suppressing all the evidence seized during the arrest regardless of whether it was relevant to the cannabis prosecution, the court would have been within its authority in so doing, and the State could not on its own initiative successfully argue that such an order must be limited in its effect to the cannabis evidence only. Ill. Rev. Stat. 1985, ch. 38, pars. 114—12(a), (b); Bowen, 164 Ill. App. 3d at 171-72, 517 N.E.2d at 613.

The transcript reveals that on March 16, 1987, the Du Page County judge remarked that "[t]he Court found there was no search of the vehicle itself, and I believe I made that very clear on the record on the last Court date." In fact, on the earlier court date of March 10, 1987, she had announced merely that "the Court's finding [of February 17, 1987] went to the search of the glove compartment because I don't find there was a search of the vehicle itself." On February 17, she had orally granted defendant's motion to suppress because "[t]he Court finds that the Officer did not have probable cause to search the vehicle nor did he have consent to do so." Her written order of February 17 had then granted the motion to suppress, "the Court finding that there was no probable cause for the search of Defendant's motor vehicle and no consent for the search."

Page County transcript, which in the Cook County court's view indicated that the same testimony there had showed that after defendant allegedly gave the deputy sheriff consent to look at the items not within the glove compartment, the deputy instead proceeded to inspect the glove compartment, find cannabis, arrest defendant, and then inventory the other items that defendant allegedly had given his original consent to be looked at.

The State agreed with the Cook County court's summary of the Du Page County testimony. By so doing, the State would appear to have agreed that the Cook County physical evidence had been seized not pursuant to the alleged consent (which in any event supposedly had allowed only inspection, not seizure) but as an incident of the unlawful cannabis arrest. But whether or not the State now agrees with that characterization of the seizure, the Cook County court implicitly so characterized it when stating that the inventorying of the Cook County physical evidence occurred after an unlawful seizure of cannabis that had led to an arrest. On that view of events, the Cook County court concluded that "the motion has been in fact litigated," and the State was denied leave to relitigate.

Even if defendant had ostensibly given his consent not only to inspect but to seize the Cook County physical evidence, it is arguable that the consent was given only after he was in custody of the deputy who had "asked" him several times, over his protests, to step out of his automobile (see *People v. Reynolds* (1983), 94 Ill. 2d 160, 165, 445 N.E.2d 766, 768); and in any case, once he had been unlawfully arrested for cannabis possession, the test of whether to suppress the Cook County evidence is whether, granting the primary illegality of the cannabis arrest, the evidence has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint. *Wong Sun v. United States* (1963), 371 U.S. 471, 488, 9 L. Ed. 2d 441, 455, 83 S. Ct. 407, 417; *People v. White* (1987), 117 Ill. 2d 194, 222, 512 N.E.2d 677, 687.

The only offer of proof made by the State in Cook County was that the deputy sheriff would testify that defendant had consented to the deputy's looking at the items not within the automobile's glove compartment. Yet the deputy had already so testified in Du Page County, and the Cook County court had a transcript of the testimony. The Cook County court concluded that the matter had been fully litigated in Du Page County and that the litigation showed that the seizure occurred after an unlawful arrest. On the basis of *Wong Sun* and its progeny, evidence so seized is suppressible.

Perhaps the Cook County court did not articulate all of its reason-

ing, which could have led it to conclude that the Du Page County court, despite its clarifying order, had actually decided the facts determinative of the illegality of defendant's arrest and that on constitutional principles, because of the unlawful arrest, suppression of the Cook County evidence was required.[6] Or perhaps the Cook County court felt, rightly or wrongly, that the Du Page County court had determined that no consent was given by defendant to the search of items outside the glove compartment. Still, a reviewing court will not disturb the circuit court's finding on a motion to suppress unless that finding is determined to be manifestly erroneous. (*People v. Reynolds* (1983), 94 Ill. 2d 160, 165, 445 N.E.2d 766, 769.) And the Cook County circuit court's judgment may be sustained on any basis appearing in the record, regardless of the reasoning advanced or omitted by that court. See *Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 387, 457 N.E.2d 9, 12; *Peters & Fulk Realtors, Inc. v. Shah* (1986), 140 Ill. App. 3d 301, 307-08, 488 N.E.2d 635, 639.

In the case at bar, the Cook County court would have been clearly justified (1) in regarding the Du Page County determination of facts underlying the illegality of defendant's cannabis arrest as collaterally estopping the State from relitigating those facts and (2) therefore in treating the unlawful cannabis arrest as constituting a "poisonous tree" of which the fruit in the form of the Cook County physical evidence was suppressible in Cook County. Indeed, the Cook County court

---

[6]"The extent of an estoppel by judgment depends on the principles of law applied to the facts of the case; it is not determined by the court rendering the judgment, which has no power to say how far its judgment shall or shall not be conclusive ***," although "[t]he estoppel does not extend to matters which the judgment expressly declares not to have been in issue in the action in which it was rendered or to have been omitted from consideration therein." (50 C.J.S. *Judgments* §712(d) (1947); see *People v. Kidd* (1947), 398 Ill. 405, 410, 75 N.E.2d 851, 854; *City of Elmhurst v. Kegerreis* (1945), 392 Ill. 195, 208-09, 64 N.E.2d 450, 455-56; *Hilti, Inc. v. Griffith* (1978), 68 Ill. App. 3d 528, 532, 386 N.E.2d 63, 65; *City of Chicago v. Harris Trust & Savings Bank* (1977), 56 Ill. App. 3d 651, 654, 371 N.E.2d 1182, 1185.) The written Du Page County clarifying order did not expressly declare consent to inspect the items outside the glove compartment not to have been in issue or to have been omitted from the court's consideration; the written order merely stated that the court's suppression order "went to" the glove-compartment search and cannabis seizure only.

In any event, after finally determining the facts that underlay the illegality of the cannabis seizure and arrest, the Du Page County court had no power through its clarifying order "to say how far its judgment shall or shall not be conclusive," and on the basis of that factual determination as to illegality the Cook County court's suppression order would be properly grounded. Furthermore, the true collateral-estoppel issue is not to what charges or evidence the Du Page County suppression order applied but rather what facts were determined in the Du Page County litigation.

acquiesced in just such a turn of phrase when sustaining defendant's separate motion to suppress identification testimony derived from the cannabis arrest. Thus, while the Cook County court couched its decision in the somewhat elliptical formulation that "the motion has in fact been litigated" in Du Page County, we find no error, much less manifest error, in the Cook County suppression order and accordingly affirm the order.

Order affirmed.

HARTMAN, P.J., and BILANDIC, J., concur.